Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

August 9, 2019

Brian S. Rosen
Member of the Firm
d +1.212.969.3380
f 212.969.2900
brosen@proskauer.com
www.proskauer.com

The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801

### Re: Alice Griffin v. WMI Liquidating Trust, Case No. 1:19-cv-00775-RGA

Dear Judge Andrews:

This firm and Richards, Layton & Finger, P.A. represent WMI Liquidating Trust (the "Trust") in connection with the above-referenced appeal from the Bankruptcy Judge Walrath's *Order Overruling First Omnibus Objection of Alice Griffin with Respect to Allowed Claims of Morgan Stanley & Co., Incorporated, Credit Suisse Securities (USA) LLC, Goldman Sachs & Co., On Behalf of Themselves and Certain Underwriters,* dated April 24, 2019 (the "Order"). We submit this letter in accordance with Rule 8019(a) of the Federal Rules of Bankruptcy Procedures ("Rule 8019(a)") regarding the presentation of oral argument and to correct a misrepresentation made in Ms. Griffin's reply brief filed on August 5, 2019.

Pursuant to Rule 8019(a), the Trust hereby informs the Court that, based upon the principal and reply briefs submitted, together with the appendix of documents provided to the Court, a full and complete record has been provided, sufficient to inform the Court as to all of the issues presented.

With respect to Ms. Griffin's reply brief, footnote 4 therein attempts to describe or characterize matters associated with the Bankruptcy Court-approved Global Settlement Agreement and asserted ownership of over $36 billion of mortgage-backed securities. While none of the foregoing bears upon the substance of the instant appeal from the Order, the misrepresentations misstate the public record and, based upon experience, may incite others to make similar claims and create unrest among other former holders of publicly-held equity interests. In order not to mislead the public, the Trust believes that the record needs to be clarified.

**Proskauer»**

The Honorable Richard G. Andrews
August 9, 2019
Page 2

As reflected in the Schedules of Assets and Liabilities filed with the Bankruptcy Court, as of September 26, 2008 (the "Petition Date"), Washington Mutual, Inc. ("WMI") and WMI Investment Corp., the two debtors in the chapter 11 cases, owned mortgage-backed securities and collateral mortgage obligations (collectively, "MBS") having a market value of $76.2 million, not the amount referenced by Ms. Griffin which, in reality, was reflective of MBS assets owned by WMI and its consolidated entities including subsidiaries and affiliates, and was over two times the amount actually held three months earlier and reflected in documents filed with the Securities and Exchange Commission.  All such assets remaining on the Petition Date were liquidated and the proceeds thereof were distributed to creditors in accordance with the terms and conditions of the confirmed chapter 11 plan.

Respectfully submitted,

/s/ *Brian S. Rosen*

Brian S. Rosen


cc:   Alice Griffin, Esq.
      Charles E. Smith, Esq.
      John Maciel
      Marcos Ramos, Esq.
      Amanda Steele, Esq.
      Cory Kandestin, Esq.
BSR/vv

110003852v2